*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 20-BG-439

IN RE JONATHAN C. DAILEY

**2020 DDN 78**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 448141**

BEFORE: Thompson and Beckwith, Associate Judges, and Nebeker, Senior Judge.

### O R D E R
(FILED – December 23, 2020)

On consideration of the certified order of the Court of Appeals of Maryland disbarring respondent from the practice of law in that jurisdiction; the September 25, 2020, order suspending respondent from the practice of law in this jurisdiction and directing him to show cause why reciprocal discipline should not be imposed; respondent's motion for leave to file his lodged response to the court's order; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent failed to file his D.C. Bar R. XI, §14(g) affidavit, it is

ORDERED that respondent's motion is granted and his lodged response is filed. It is

FURTHER ORDERED that Jonathan C. Dailey is hereby disbarred from the practice of law in the District of Columbia. In reciprocal disciplinary matters the court applies a rebuttable presumption that identical discipline will be imposed unless respondents shows by clear and convincing evidence that one of the five exceptions applies, a high standard respondent has not met. *See, e.g., In re Salo*, 48 A.3d 174 (D.C. 2012). To the extent respondent argues he was denied due process he is, in essence, disputing the findings of the state of Maryland and such a challenge is not permitted in reciprocal disciplinary proceedings, *see In re Zdravkovich*, 831

A.2d 964, 969 (D.C. 2003) ("Put simply, reciprocal discipline proceedings are not a forum to reargue the foreign discipline.").  It is

FURTHER ORDERED that for purposes of reinstatement respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).


**PER CURIAM**